# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45493

| | | |
|---|---|---|
| In the Interest of: JANE DOE I,<br>A Child Under Eighteen (18) Years of<br>Age. | ) ) ) | |
| IDAHO DEPARTMENT OF HEALTH<br>AND WELFARE, | ) ) | 2018 Unpublished Opinion No. 376 |
| | ) | Filed: March 1, 2018 |
| Petitioner-Respondent, | ) ) | |
| v. | ) ) | Karel A. Lehrman, Clerk |
| JANE DOE (2017-38), | ) ) ) | THIS IS AN UNPUBLISHED<br>OPINION AND SHALL NOT<br>BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) ) | |

Appeal from the Magistrate Division of the District Court of the Second Judicial District, State of Idaho, Latah County. Hon. Victoria Olds, Magistrate.

Judgment terminating parental rights, affirmed.

McCormick Law Office; Deborah L. McCormick, Moscow, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Marcy J. Spilker, Deputy Attorney General, Lewiston, for respondent.

HUSKEY, Judge

Jane Doe appeals from the magistrate's findings of fact and conclusions of law and order terminating her parental rights and judgment. Doe argues the magistrate erred by holding the impossibility defense does not apply to her case and that termination of her parental rights is not in her best interest. The magistrate's judgment terminating parental rights is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the mother of six children. In a previous case, Doe voluntarily relinquished her parental rights to three of her children and allowed two others to be placed in guardianships because of instability, domestic violence in the household, substance abuse while caregiving for small children, and mental health issues. This case arose after Doe, with her youngest child in

1

tow, approached a woman near a lake and asked the woman to take the child home with her because Doe believed the child was being electrocuted by the car. Based on Doe's odd statements and behavior, the woman became concerned for both Doe and her child and drove them to her house and tended to the child. At the woman's request, law enforcement responded and came to the house. The officers interviewed Doe and observed she was under the influence of a controlled substance. This was confirmed when the woman, while changing the child's diaper, discovered a syringe, a spoon, and methamphetamine inside the child's diaper bag. The officers arrested Doe for possession of methamphetamine and paraphernalia. Doe's child was taken into the care of the Department of Health and Welfare (Department).

The State filed a petition under the Child Protective Act. After various hearings and a transfer of venue, the magistrate issued a case plan order requiring Doe to complete various tasks to avoid termination of her parental rights. As part of the case plan, Doe was required to complete a substance abuse assessment and random drug and alcohol tests, remain drug and alcohol free, complete a mental health assessment and comply with its recommendations, seek medical treatment, maintain safe and stable housing, visit with and attend care appointments for her child, and maintain contact with the Department and cooperate with its reasonable requests.

The Department petitioned to terminate Doe's parental rights, alleging Doe's failure to comply with the case plan amounted to neglect of the child and that termination of parental rights was in Doe's and Doe's child's best interest. The magistrate found Doe voluntarily chose not to comply with multiple parts of the case plan and that it was not in Doe's or her child's best interest to maintain parental rights. The magistrate terminated Doe's parental rights. Doe timely appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho

383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

Idaho Code Section 16-2002(3) defines "neglect" as any conduct included in I.C. § 16-1602(31), as well as situations where the parent has failed to comply with the court's orders or the case plan in a child protective act case and the Department has had temporary or legal

custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them.

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interest of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

### III.

### ANALYSIS

Doe contends the magistrate erred by holding the impossibility defense does not apply to her case. She argues that her history of childhood and adult trauma, mental health issues, and lack of treatment rendered compliance with the case plan beyond her control and, thus, her noncompliance did not amount to neglect, as defined by I.C. § 16-2002(3)(b). Alternatively, she argues that termination of parental rights is not in her best interest because she will lose her last child, which will be a traumatic event.

The magistrate's judgment terminating Doe's parental rights is supported by substantial and competent evidence. The magistrate detailed Doe's numerous failures to follow the case plan, including Doe's failure to complete substance abuse treatments, submit to drug and alcohol tests, remain drug and alcohol free, consistently attend mental health treatment or follow treatment recommendations, take her prescribed medications, maintain safe and stable housing,

4

take care of her child's basic needs, and maintain contact with the Department. The record shows that Doe's trauma, mental health issues, and lack of treatment did not render Doe's compliance with the case plan impossible. *See Idaho Dep't of Health & Welfare v. Doe*, 162 Idaho 236, 243, 245, 395 P.3d 1269, 1276, 1278 (2017) (holding a mother's mental health issues did not make it impossible for her to comply with her case plan). The magistrate listed numerous examples of conscious choices Doe made to avoid compliance with the case plan, including avoiding law enforcement, lying to law enforcement, avoiding arrest, avoiding drug tests, and choosing drug use over sobriety. She cannot avail herself of the impossibility defense. Failure to follow the case plan amounts to neglect of Doe's child under I.C. § 16-2002(3)(b).

There is substantial and competent evidence in the record to support the magistrate's decision that Doe failed to comply with the case plan. The evidence, including testimony regarding the lengthy history of Doe's behavior, substance abuse, domestic violence, and child abuse, supports the magistrate's determination that Doe neglected the child both before and after the initiation of the case plan. We agree that termination of parental rights is in the child's best interest.

**IV.**

**CONCLUSION**

Doe neglected her child by not complying with the case plan. The magistrate's judgment terminating parental rights is affirmed.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.

5